■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROMAN BARET, Appellant. [841 NYS2d 97]—

Judgment, Supreme Court, Bronx County (Dominic R. Massaro, J., on motions; John E.H. Stackhouse, J., at plea and on motion to withdraw plea; Albert Lorenzo, J., at sentence), rendered December 20, 2004, convicting defendant of criminal sale of a controlled substance in the third degree, and sentencing him to a term of 2 to 6 years, affirmed.

The court properly denied defendant's motion to suppress identification testimony, without a hearing, since "as a matter

of law, the identification at issue could not be the product of undue suggestiveness" (*People v Boyer*, 6 NY3d 427, 431 [2006]; *see also People v Prekuli*, 256 AD2d 77 [1998], *lv denied* 93 NY2d 877 [1999]). An undercover officer made a series of purchases from defendant during the course of a long term operation under conditions that permitted him to familiarize himself with defendant's appearance, and identified him three days after the final purchase. Therefore, the identification was confirmatory, both under the theory set forth in *People v Wharton* (74 NY2d 921 [1989]) and that set forth in *People v Rodriguez* (79 NY2d 445 [1992]). The motion court expressly found that the same officer made all the purchases, and we reject defendant's argument to the contrary.

We find no basis to disturb the motion court's finding that the search warrant was supported by probable cause, or, given the information before the court, to disturb its denial of defendant's application for disclosure of the warrant and the materials offered in its support.

The court properly denied defendant's motion to withdraw his plea after providing him with a suitable opportunity to be heard (*see People v Frederick*, 45 NY2d 520 [1978]), without ordering a formal hearing. The minutes of the plea allocution establish that defendant's plea was knowing, intelligent and voluntary. He acknowledged during the allocution that no one had forced him to accept the plea offer, and that he was pleading guilty of his own free will. The claim raised in his motion to vacate his plea was too vague and unsubstantiated to contradict the affirmative statements contained in that allocution (*see People v Cosey*, 286 AD2d 647 [2001], *lv denied* 97 NY2d 655 [2001]). Even if his assertions are accepted as true, they are insufficient to create bona fide grounds to demonstrate that his plea was involuntary.

Defendant asserted that his codefendant, Reynardo Nunez, had threatened him if he did not plead guilty in accordance with the "no-split" plea offer. Specifically, defendant stated in his affidavit in support of the motion to vacate the plea that Nunez told him he "better do the right thing and plead guilty" or Nunez would "make sure he did the right thing," and that he would "do what he had to do" if defendant did not plead guilty. Even accepting these assertions as true, they are insufficient to establish that he entered into the plea involuntarily. To vacate a guilty plea, the moving defendant must provide a factual basis for a conclusion that it was *actually* involuntary. A claimed vague threat does not satisfy this requirement. Enough specific factual assertions must be provided that, if proved,

would justify a finding of nonvoluntariness. Absent information as to, for instance, the codefendant's ability to carry out the veiled threat, or some other reason to justify a belief that the codefendant would have the capability, means and inclination to harm him, defendant's assertions fail to make the type of showing which would necessitate an evidentiary hearing on the issue of the voluntariness of his plea. Concur—Tom, J.P., Saxe and Sullivan, JJ.

Marlow and Williams, JJ., dissent in a memorandum by Marlow, J., as follows: I would hold this appeal in abeyance and remand for a hearing to determine whether defendant's plea was voluntary. Defendant made specific factual assertions to support the motion to withdraw his plea. I believe, under these particular circumstances, they require a hearing.

A Bronx County grand jury charged defendant with criminal sale of a controlled substance in the third degree (six counts) and criminal possession of a controlled substance in the third degree (six counts). Codefendant Reynardo Nunez was charged with one count each of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree. Both defendant and the codefendant were also charged with acting-in-concert to commit the crimes of criminal possession of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the fourth degree.

The People offered defendant and the codefendant a "no-split plea" with a promised sentence of 2 to 6 years' imprisonment and probation, respectively. In a "no-split" or "connected" plea, all defendants must accept the respective plea offers or all must proceed to trial, with the accompanying risks of enhanced punishment.

The court allocuted defendant and the codefendant at the same time and in each other's presence. In an otherwise adequate allocution, defendant entered his guilty plea to one count of criminal sale of a controlled substance in the third degree. The court promised defendant a sentence of 2 to 6 years, subject to certain conditions. Specifically, the court warned defendant that, inter alia, if he failed to appear for sentencing, the court could impose the maximum sentence of $8\frac{1}{3}$ to 25 years.

Thereafter, defendant moved, in writing, to withdraw his plea. The gravamen of his motion was a challenge to the voluntariness of his plea based on his assertion that the codefendant, who wanted to take advantage of the prosecutor's offer of a nonjail sentence, had threatened him into pleading guilty. Defendant also claimed that he initially informed his attorney that

he was not interested in a guilty plea. Counsel advised him that if he did not plead guilty, his codefendant would not be allowed to plead guilty and thus receive the promised sentence of probation. Defendant also averred that his codefendant approached him and "began to put pressure" on him to enter the plea so the codefendant would receive that favorable sentence. Had that alone been the sum and substance of defendant's showing, I would agree that defendant's conviction should be affirmed without remanding the matter for a hearing to inquire into the voluntariness of the guilty plea. However, defendant specifically asserted that his codefendant told him he had "better do the right thing and plead guilty or he would make sure he did the right thing." In addition, defendant claimed his codefendant repeatedly told him "his life was on the line and that he would do what he had to do" if defendant did not plead guilty. Defendant claims he feared "physical reprisal," felt "a great deal of pressure" at the plea hearing, and "under such pressure . . . agreed to plead guilty." The People argued, and the court agreed, that the plea minutes did not support defendant's coercion claim.

The case was adjourned for sentencing. Defendant failed to appear and was returned to court on a warrant over six years later. Although defendant's plea provided for a greater sentence were he to abscond, the court nevertheless imposed the sentence it had originally promised of 2 to 6 years.

Defendant argues on appeal that the court erred in summarily denying his motion to vacate his plea without ordering a hearing.

I agree.

Although the "no-split plea" arrangement defendant was offered is legal, that type of plea "can present concerns which require special care" in making an overall determination as to its voluntariness (*People v Fiumefreddo*, 82 NY2d 536, 545-546 [1993]). While I fully recognize and completely agree that defendant benefitted enormously from his plea, which eliminated the possibility of significantly longer and consecutive sentences, and that he flouted the justice system by absconding, neither of those facts is at the core of the issue on this appeal. Indeed, like King Midas, who regretted his wish that all he touched would turn to gold, defendant may ultimately rue this challenge, especially if one considers (1) the abundance of compassion the court showed when it did not enhance defendant's sentence after he absconded, and (2) that the court may hereafter decide to take that fact into account in the event defendant is convicted after trial of a decidedly more serious combination of crimes.

Nonetheless, defendant did make specific factual assertions in his motion which warrant a hearing on the issue of coercion. True, the minutes of his guilty plea allocution on their face and viewed alone do not support defendant's contention. However, it would be highly likely—or clearly not difficult to understand— that defendant, during his plea allocution, was most reluctant to accuse his codefendant, who was then in his physical presence during the very proceeding in which defendant was pleading guilty, allegedly under the influence of the codefendant's threats and coercion. Moreover, despite the People's contrary contention, it stands as unsurprising that the court was unable to observe any fear in defendant's demeanor during the plea proceeding since defendant did not raise his present claims— nor would anyone be likely to do so—with his codefendant standing nearby and in a position to hear him raise them. If true, these allegations portray a defendant whose free will was beclouded by the coercive force of his codefendant's threats of future violence had defendant maintained his not guilty plea.

I respectfully disagree with the majority's position that defendant's specifically stated reasons for requesting permission to withdraw his plea are inadequate. First, the allegations are statements of particular facts that may reasonably be interpreted, if proven true at a hearing, as a picture of a desperate codefendant who would not stop at acts of violence, to avoid going to prison. In my opinion, under all of the surrounding circumstances, that is the most reasonable interpretation, should defendant be able to establish his factual claims at a hearing.

While I also recognize and fully appreciate the pressure on judges to move their dockets, defendant raised factual questions—not subject to summary determination given the combination of (1) the particularized allegations he made; (2) the circumstantial setting of his plea allocution; and (3) and the specific type of plea offer at issue with its attendant concerns— all of which could have been routinely resolved in a relatively brief hearing.

I would also observe, and urge, that whenever a "no-split plea" arrangement is made, the court should endeavor to avoid creating the type of issue this appeal raises, and thus assure the plea's voluntariness by allocuting each defendant out of each other's presence and asking them each one or two searching and precise questions to clarify that defendant is likely pleading guilty free from any undue pressure or any threats.