OPINION OF THE COURT
Memorandum.
Ordered that the order is reversed, on the law, and the matter is remitted to the District Court for a hearing and determination de novo of defendant’s motion to vacate the judgment of conviction on the limited issue of whether defendant received the ineffective assistance of counsel because his attorney misadvised him or failed to advise him regarding the immigration consequences of his plea.
In 1997, defendant pleaded guilty to criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03) and was sentenced to a 60-day term of imprisonment. In 2009, defendant moved, pursuant to CPL 440.10 (1) (h), to vacate the judgment of conviction on the ground that he had received the ineffective assistance of counsel because his attorney had provided him with incorrect advice regarding the immigration consequences of his guilty plea and because his attorney had a conflict of interest, as the attorney was employed by the same law firm which had previously represented the person arrested with defendant on an unrelated matter. By order dated July 28, 2009, the District Court denied defendant’s motion without a hearing. By permission, the instant appeal by defendant ensued.
When a defendant challenges the voluntary character of his guilty plea on the ground of ineffective assistance of counsel, the court must determine whether counsel’s representation met both the federal (see Strickland v Washington, 466 US 668 *57 [1984]) and New York State standards (see People v Benevento, 91 NY2d 708, 713 [1998]; People v Baldi, 54 NY2d 137 [1981]). Pursuant to Strickland, a “defendant must show that counsel’s performance was deficient. . . [and] that the deficient performance prejudiced the defense” (466 US at 687). The first prong of the Strickland test requires a showing that counsel’s representation fell below an objective standard of reasonableness (id.). The second prong, also known as the prejudice prong, “focuses on whether counsel’s constitutionally ineffective performance affected the outcome of the plea process” (Hill v Lockhart, 474 US 52, 59 [1985]). In order to satisfy the second prong, a “defendant must show that there is a reasonable probability that, but for counsel’s errors, he would not have pleaded guilty and would have insisted on going to trial” (id.).
In Padilla v Kentucky (559 US — , 130 S Ct 1473 [2010]), the defendant, a lawful resident of the United States for over 40 years, faced deportation after pleading guilty to drug charges in Kentucky. In postconviction proceedings, the defendant claimed that his attorney had failed to advise him of the deportation consequences of a conviction before he had entered his guilty plea, and had told him not to worry about being deported since he had lived in this country for a long time. The defendant alleged that he would have gone to trial had he not received this incorrect advice. The United States Supreme Court held that an attorney, at the very least, must inform a defendant that immigration consequences may result from his guilty plea. The Supreme Court noted that “immigration reforms over time have expanded the class of deportable offenses and limited the authority of judges to alleviate the harsh consequences of deportation. The ‘drastic measure’ of deportation or removal is now virtually inevitable for a vast number of noncitizens convicted of crimes” (id. at 1478 [citation omitted]). The Supreme Court stated that the changes to the immigration laws
“have dramatically raised the stakes of a noncitizen’s criminal conviction. The importance of accurate legal advice for noncitizens accused of crimes has never been more important. These changes confirm our view that, as a matter of federal law, deportation is an integral part — indeed, sometimes the most important part — of the penalty that may be imposed on noncitizen defendants who plead guilty to specified crimes” (id. at 1480).
Also, the Supreme Court recognized that although there is dis *58 agreement among courts over how to distinguish between direct and collateral consequences of a guilty plea, this disagreement “has no bearing on the dispostion of this case because . . . counsel must, at the very least, advise a noncitizen ‘defendant that a criminal conviction may have adverse immigration consequences’ ” (559 US at — n 8, 130 S Ct at 1481 n 8). The Supreme Court went on to state that deportation as a consequence of a criminal conviction is “uniquely difficult to classify as either a direct or a collateral consequence” due to its close connection to the criminal process, and that the Strickland ineffective assistance of counsel analysis applies to claims such as those advanced by the defendant (559 US at —, 130 S Ct at 1482). The Supreme Court refused to conclude that Strickland applied only when a defendant claimed that he had received the ineffective assistance of counsel because his attorney had affirmatively misadvised him regarding the immigration consequences of his guilty plea (559 US at —, 130 S Ct at 1484).
In determining whether Padilla applies retroactively, this court must decide whether Padilla created a “new” rule, which generally is not retroactive, or merely applied an “old” rule to a new set of facts; which is retroactive. The United States Supreme Court has defined a new rule as one that breaks new ground or imposes a new obligation on the states or federal government (see Teague v Lane, 489 US 288, 301 [1989]). A rule is new if “the result was not dictated by precedent existing at the time the defendant’s conviction became final” (id.; see also Butler v McKellar, 494 US 407, 412 [1990]). “When a Supreme Court decision applies a well-established constitutional principle to a new circumstance, it is considered to be an application of an ‘old’ rule, and is always retroactive” (People v Eastman, 85 NY2d 265, 275 [1995]; see also Yates v Aiken, 484 US 211, 216 [1988]).
Upon consideration of the foregoing, we find that the holding in Padilla should be applied retroactively. In Padilla, the Supreme Court merely applied the well-established Strickland standard to the facts therein in determining that the defendant had received the ineffective assistance of counsel because his attorney had failed to advise him of the deportation consequences before he had entered his guilty plea, and had told him not to worry about being deported since he had lived in this country for a long time. This, we find, is the application of a well-established old rule. The Supreme Court further stated in Padilla that “[f]or at least the past 15 years, professional norms have generally imposed an obligation on counsel to provide advice on the deportation consequences of a client’s *59 plea . . . We should, therefore, presume that counsel satisfied their obligation to render competent advice at the time their clients considered pleading guilty” (559 US at —, 130 S Ct at 1485).
Defendant’s affidavits in support of his CPL 440.10 motion to vacate the judgment of conviction show that issues of fact exist as to whether he received the ineffective assistance of counsel due to his attorney’s misadvice regarding the immigration consequences of his pending guilty plea to criminal charges. A proper determination of the motion called for factual findings which could not be summarily made (see CPL 440.30 [5]). The affidavits, however, failed to show defendant’s entitlement to a hearing on whether he received the ineffective assistance of counsel because his attorney had a conflict of interest, since the facts asserted therein alleged no potential conflict of interest.
Accordingly, the order is reversed and the matter is remitted to the District Court for a hearing and determination de novo of defendant’s motion to vacate the judgment of conviction on the limited issue of whether defendant received the ineffective assistance of counsel because his attorney misadvised him regarding the immigration consequences of his guilty plea.
Iannacci, J.P, Nicolai and Molía, JJ., concur.