■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROMAN BARET, Appellant. [952 NYS2d 108]—

To establish ineffective assistance of counsel under federal constitutional standards, a defendant must demonstrate both that counsel's performance was deficient and that the deficient

performance resulted in prejudice (*Strickland v Washington*, 466 US 668 [1984]). In *Padilla v Kentucky* (559 US —, 130 S Ct 1473 [2010]), the Supreme Court held that a constitutionally competent attorney must advise his or her client of the immigration consequences of a guilty plea. Defendant moved to vacate judgment, alleging that counsel did not advise him that his conviction would result in his being deported, prohibited from re-entering the United States and forever barred from citizenship, and that had he known of these consequences, there was a reasonable probability that he would have gone to trial.

We conclude that *Padilla*, decided after defendant's conviction was affirmed on direct appeal (*People v Baret*, 43 AD3d 648 [2007], *affd* 11 NY3d 31 [2008]), should be applied retroactively. To determine whether a rule is to be applied retroactively, the court must determine whether the rule is "new" or "old" (*Teague v Lane*, 489 US 288, 301 [1989]; *People v Eastman*, 85 NY2d 265, 275 [1995]). When a Supreme Court decision applies a well-established constitutional principle to a new circumstance, it is considered to be an application of an "old" rule, and is always retroactive (*Eastman*, 85 NY2d at 275).

Prior to *Padilla*, the Court of Appeals held that deportation was a collateral consequence, so that the failure of counsel to warn a defendant of the possibility of deportation as a result of a guilty plea did not constitute ineffective assistance of counsel (*see People v Ford*, 86 NY2d 397, 405 [1995]). Actual misadvice by counsel concerning immigration consequences of a plea, however, could constitute ineffective assistance of counsel (*see People v McDonald*, 1 NY3d 109 [2003]).

We conclude that *Padilla* did not establish a "new" rule under *Teague*; rather, it followed from the clearly established principles of the guarantee of effective assistance of counsel under *Strickland*, and "merely clarified the law as it applied to the particular facts" (*United States v Orocio*, 645 F3d 630, 639 [3d Cir 2011] [internal quotation marks omitted]; *but see Chaidez v United States*, 655 F3d 684 [7th Cir 2011], *cert granted* 566 US —, 132 S Ct 2101 [2012]). Rather than overrule a clear past precedent, *Padilla* held that *Strickland* applies to advice concerning deportation, whether it be incorrect advice or no advice at all (*see People v Nunez*, 30 Misc 3d 55 [App Term, 2d Dept 2010], *lv denied* 17 NY3d 820 [2011]; *but see People v Kabre*, 29 Misc 3d 307 [Crim Ct, NY County 2010]).

We note that defendant's plea was taken on December 23, 1996. We express no opinion on the applicability of *Padilla* to pleas taken before 1996, a year in which there were significant changes in immigration law.

Applying *Padilla* retroactively, we conclude from the submissions on the motion to vacate judgment that a hearing is required on the issues of what advice, if any, counsel gave defendant regarding the immigration consequences of his plea, and, assuming the advice was constitutionally deficient, whether there is a reasonable probability that but for this deficiency, defendant would have gone to trial (*see Hill v Lockhart*, 474 US 52, 59 [1985]). Concur—Mazzarelli, J.P., Saxe, DeGrasse, Richter and Abdus-Salaam, JJ.