(November 15, 2012)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANKIE RAMOS, Appellant. [953 NYS2d 594]—

Order, Supreme Court, Bronx County (Efrain Alvarado, J.), entered on or about May 27, 2011, which denied defendant's CPL 440.10 motion to vacate a judgment of the same court and Justice, rendered March 19, 2007, convicting defendant, upon his plea of guilty, of criminal sale of a controlled substance in the third degree, and sentencing him to a term of one year, unanimously reversed, on the law, and the matter remanded for a hearing on defendant's motion.

Defendant's moving papers were sufficient to warrant a hearing on his claim of ineffective assistance of counsel under *Padilla v Kentucky* (559 US —, 130 S Ct 1473 [2010]), which is applicable to this case (*see People v Baret*, 99 AD3d 408 [1st Dept 2012]). Defendant adequately alleged that his counsel at the plea proceeding failed to inform him that a plea to criminal sale of a controlled substance in the third degree would subject him to automatic deportation without the possibility of discretionary relief from removal.

We reject the People's argument that defendant's allegations were excessively vague. It is clear that defendant was not alleging that his plea counsel provided either misadvice or no advice at all on immigration consequences, but that counsel provided materially incomplete or inadequate advice, given the clarity of the applicable immigration statutes (*see Padilla*, 559 US at —, 130 S Ct at 1483).

Similarly, defendant's allegations that he would not have pleaded guilty but for his attorney's deficient advice regarding the immigration consequences of the plea were sufficient to raise a question of fact as to whether defendant was prejudiced.

Defendant claimed serious health problems, including that he required dialysis three times a week, and alleged that the medical care necessary to keep him alive was unavailable in his native Honduras. He alleged that had he known that discretionary relief from deportation was unavailable for a person convicted of third-degree sale of a controlled substance, he would not have accepted that plea, even though the promised sentence was only one year. Instead, he would have asked his attorney to negotiate a plea with less severe immigration consequences, and, if unsuccessful, would have gone to trial.

Furthermore, the possibility of prejudice was not foreclosed by the fact that deportation proceedings had been initiated against defendant based on two other convictions and not the instant one. The two other offenses were misdemeanors, subject to discretionary relief from removal, and the government was not precluded from proceeding based on the instant felony conviction.

Finally, we conclude that defendant sufficiently explained his inability to obtain an affirmation from the attorney who represented him at the plea. Motion counsel set forth in detail her conversations with plea counsel. To the extent plea counsel recalled the case, his recollections tended to support defendant's position. However, plea counsel did not respond to requests for an affirmation. The prosecutor also spoke with plea counsel, but did not learn anything that would warrant summary denial of the motion. Moreover, defendant's allegations were corroborated by plea minutes that support an inference that while defendant was aware his plea could have immigration consequences, both defendant and counsel were under a misapprehension that discretionary relief from deportation was available. Under all these circumstances, motion counsel's failure to make a formal written request for an affirmation did not warrant denial of a hearing.

We have considered and rejected the People's remaining arguments. Concur—Friedman, J.P., Sweeny, Moskowitz, Freedman and Román, JJ.