[967 NYS2d 729]

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ALVARO VERDEJO, Respondent.

First Department, June 27, 2013

## APPEARANCES OF COUNSEL

*Robert T. Johnson, District Attorney*, Bronx (*Justin J. Braun* and *Joseph N. Ferdenzi* of counsel), for appellant.

*Lamis J. Deek*, New York City, and *Joshua E. Bardavid*, New York City, for respondent.

## OPINION OF THE COURT

Tom, J.P.

Over nine years after pleading guilty to criminal possession of a weapon in the third degree, defendant brought this motion to vacate the judgment of conviction, from which no appeal was ever taken, on the ground that he was denied effective assistance of counsel. In granting the motion pursuant to CPL 440.10 (h), the court gave retroactive application to *Padilla v Kentucky* (559 US 356 [2010]), in which the United States Supreme Court added to the obligations imposed on an attorney the requirement to accurately advise an immigrant defendant about the consequences of pleading guilty to a criminal offense, particularly the risk of deportation.

Removal proceedings against defendant, a permanent resident of the United States, were instituted by Immigration and Customs Enforcement on September 19, 2010. The notice to appear states that defendant, who was accorded lawful permanent resident status on September 21, 1990, is subject to removal from the United States under Immigration and Nationality Act § 237 (a) (2) (C) (8 USC § 1227 [a] [2] [C]) on the basis of his conviction for unlawful possession of a firearm. Defendant interposed the instant motion to vacate his conviction on June 2, 2011.

In opposition to the motion, the People argued that, at the time defendant entered his plea (August 5, 2002), only an affirmative misrepresentation of the immigration consequences of

pleading guilty would be construed as falling below the objective standard of reasonableness governing an attorney's representation of his client (citing *People v McDonald*, 1 NY3d 109, 115 [2003] [defendant told that he would not be deported because he was a long-term resident and his children were born and resided in the United States]). Defendant submitted an affirmation from his former attorney stating only that, while aware that defendant was a Mexican national, it was counsel's practice not to dispense any advice regarding the immigration consequences of entering into a negotiated plea because prevailing Court of Appeals precedent did not require it. Thus, the People contended, having failed to demonstrate counsel imparted any erroneous advice concerning defendant's immigration status, defendant had failed to establish that counsel's representation fell below the standard required by the Sixth Amendment under *Strickland v Washington* (466 US 668 [1984]). The People further argued that defendant had failed to meet the second prong of the *Strickland* test by demonstrating that it would have been rational to have rejected the offered plea (citing *Padilla*, 559 US at 371-372). Thus, they asserted, defendant made no factual allegation that, " 'but for counsel's error[ ], he would not have pleaded guilty and would have insisted on going to trial' " (quoting *McDonald*, 1 NY3d at 115).

The motion court noted that defendant had entered a guilty plea in exchange for an intermittent sentence of six months, to be served on weekends. The plea minutes reflect that defendant was living with and supporting his family, including a gravely ill son, and the sentencing court deemed it important that defendant be able to continue working. In vacating the judgment of conviction, the motion court found *Padilla* to be retroactive and, without addressing the issue of prejudice, granted the motion.

On appeal, the People contend that the motion court erred in giving retroactive application to *Padilla* and in neglecting to consider whether defendant sustained prejudice by entering into the negotiated plea agreement. Since the appeal was argued, the Supreme Court has decided the former issue, holding that a defendant whose conviction has become final may not take advantage of *Padilla* to collaterally attack a conviction. Following the analysis applied in *Teague v Lane* (489 US 288 [1989]), the Court concluded that *Padilla* had broken new ground (*Chaidez v United States*, 568 US —, —, 133 S Ct 1103, 1110 [2013]). The Court reasoned that in rejecting the distinc-

tion between direct and collateral consequences of a conviction, *Padilla* represented the announcement of new law with respect to a defendant's Sixth Amendment rights as construed in both state and federal jurisdictions, which "almost unanimously concluded that the Sixth Amendment does not require attorneys to inform their clients of a conviction's collateral consequences, including deportation" (568 US at —, 133 S Ct at 1109).

*Padilla* has been accorded retroactive application by this Court (*People v Baret*, 99 AD3d 408 [1st Dept 2012]; *see also People v Ramos*, 100 AD3d 487 [1st Dept 2012], *lv denied* 20 NY3d 1103 [2013]) and the Third Department (*People v Rajpaul*, 100 AD3d 1183 [3d Dept 2012]; *People v Oouch*, 97 AD3d 904 [3d Dept 2012]). However, since *Padilla* "marks a break from both Federal and State law precedents . . . [and] fundamentally alters the Federal constitutional landscape, the principles of retroactivity developed by the Supreme Court in construing Federal constitutional law govern the disposition of this case" (*People v Eastman*, 85 NY2d 265, 274-275 [1995]).

The holding that *Padilla* announced new law, by which this Court is bound, dictates the conclusion that it has no retroactive application. As *Eastman* explains:

> "Pursuant to *Teague*, new rules of constitutional criminal procedure are applied retrospectively in one of two situations: (1) where the new rule places 'certain kinds of primary, private individual conduct beyond the power of the criminal law making authority to proscribe' or (2) where the new rule alters a bedrock procedural element of criminal procedure which implicates the fundamental fairness and accuracy of the trial" (*Eastman*, 85 NY2d at 275, quoting *Teague*, 489 US at 311-312).

The rule announced in *Padilla* does neither, merely prescribing a duty imposed on counsel, and does not warrant retroactive application. Thus, defendant may not avail himself of the ruling, and it is unnecessary to reach the issue of prejudice raised by the People.

Accordingly, the order of the Supreme Court, Bronx County (Caesar Cirigliano, J.), entered November 15, 2011, which granted defendant's CPL 440.10 motion to vacate a judgment of the same court (Edward Davidowitz, J.), rendered October 17, 2002, convicting defendant of criminal possession of a weapon in the third degree, and sentencing him to a term of four months' intermittent imprisonment concurrent with five years'

probation, including participation in an alcohol treatment program, should be reversed, on the law, the motion denied, and the judgment reinstated.

MAZZARELLI, MOSKOWITZ and FEINMAN, JJ., concur.

Order, Supreme Court, Bronx County, entered November 15, 2011, reversed, on the law, the motion denied, and the judgment reinstated.