■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE NEWLAND, Appellant. [28 NYS3d 865]—

Judgment, Supreme Court, New York County (Charles H. Solomon, J., at speedy trial motion; Renee A. White, J., at hearing on admissibility of video; Jill Konviser, J., at jury trial and sentencing), rendered April 23, 2013, convicting defendant of grand larceny in the fourth degree, and sentencing him, as a second felony offender, to a term of 2 to 4 years, unanimously affirmed.

Defendant's speedy trial arguments are unpreserved (*see People v Beasley*, 16 NY3d 289, 292-293 [2011]), and we decline to review them in the interest of justice. Although each of the three periods at issue on appeal was litigated on the speedy trial motion, defendant did not articulate the specific arguments he now makes, and the court "did not expressly decide, in response to protest, the issues now raised on appeal" (*People v Miranda*, 27 NY3d 931, 932 [2016]). As an alternative holding, we find no violation of defendant's right to a speedy trial. The April 10 adjournment was excludable as it resulted from a continuance granted at the request or with the consent of defendant (CPL 30.30 [4] [b]), defendant failed to overcome the presumption that the People's July 6 certificate of readiness was a truthful statement of present readiness (*see People v Sibblies*, 22 NY3d 1174, 1181 [2014, Graffeo, J., concurring];

*People v Brown*, 126 AD3d 516, 517-518 [1st Dept 2015], *lv granted* 25 NY3d 1160 [2015]), and the November 15 adjournment was not a delay directly implicating the People's ability to proceed with trial (*see People v Anderson*, 66 NY2d 529, 535 [1985]).

We have considered and rejected defendant's arguments relating to a video recording that was admitted at trial. Concur—Sweeny, J.P., Saxe, Moskowitz, Gische and Webber, JJ.