THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODERICK REYES, Appellant. [49 NYS3d 890]—

Judgment, Supreme Court, New York County (Edward J. McLaughlin, J.), rendered July 9, 2013, as amended September 27, 2013, convicting defendant, after a jury trial, of criminal possession of a weapon in the second degree, criminal sale of a controlled substance in the second degree, criminal sale of a firearm in the third degree, attempted criminal possession of a weapon in the second and third degrees and attempted criminal sale of a firearm in the third degree, and sentencing him, as a second violent felony offender, to concurrent terms aggregating 15 years, consecutive to a term of 2 to 4 years, unanimously affirmed.

The trial court correctly declined to issue an adverse inference charge for the undisputedly nonnegligent destruction of *Rosario* material (*see* CPL 240.45) due to the flooding of a police facility during Hurricane Sandy in 2012. Even assuming that the loss of this material prejudiced the defense, "[t]he loss of evidence as the result of a natural disaster cannot be attributed to the People" (*People v Thompson*, 143 AD3d 430, 430 [1st Dept 2016]). Moreover, it would be illogical for a jury to draw an adverse inference against a party resulting from an event beyond that party's reasonable ability to control.

We reject defendant's challenges to the sufficiency and weight

of the evidence supporting the convictions for attempted crimes, relating to a particular transaction involving an inoperable weapon (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). Defendant claims there was a failure of proof of his intent that the weapon at issue be operable. However, the evidence, including defendant's overall conduct in a series of transactions, supports the inference that he intended that the codefendant's representations of operability, made to the undercover purchaser, would be true, so as to satisfy the customer and promote additional sales.

The court properly delivered a charge on constructive possession, because such an instruction was supported by the evidence and the reasonable inferences to be drawn therefrom. In addition to controlling the car in which the firearms transactions took place, the evidence showed that defendant and the codefendant were in joint control of the contraband (*see People v Tirado*, 38 NY2d 955 [1976]), because they were engaged in joint criminal activity, and regardless of each participant's physical proximity to any particular weapon (*see People v Ramos*, 59 AD3d 269 [1st Dept 2009], *lv denied* 12 NY3d 858 [2009]). Furthermore, the constructive possession charge was applicable to attempted possession under the facts presented, given the underlying weapons-trafficking conduct.

The court properly denied, without granting a hearing, defendant's motion to suppress the undercover officer's identification of defendant. Over the course of the series of transactions, the officer developed a familiarity with defendant that rendered the identification confirmatory (*see People v Baret*, 43 AD3d 648, 649 [1st Dept 2007], *affd* 11 NY3d 31 [2008]).

Defendant's *Batson* claim (*see Batson v Kentucky*, 476 US 79 [1986]) is unpreserved, as it was raised only by the codefendant, and the record does not establish that there was a joint *Batson* application (*see People v Sadler*, 281 AD2d 152, 153 [1st Dept 2001], *lv denied* 96 NY2d 867 [2001]; *see also People v Greene*, 49 AD3d 275 [1st Dept 2008], *lv denied* 10 NY3d 934 [2008]). We decline to review this claim in the interest of justice. As an alternative holding, we find that the record fails to support the codefendant's application in any event.

We perceive no basis for reducing the sentence. Concur—Sweeny, J.P., Andrias, Moskowitz, Kahn and Gesmer, JJ.