■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARIEL JAVIER, Appellant. [62 NYS3d 324]—

Judgment, Supreme Court, New York County (Michael R. Sonberg, J.), rendered September 18, 2013, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the fifth degree and criminal diversion of prescription medications and prescriptions in the fourth degree, and sentencing him to a term of five years' probation and a conditional discharge, unanimously affirmed.

The court properly denied defendant's speedy trial motion. Defendant's argument concerning the first of two periods at issue is unpreserved (see People v Beasley, 16 NY3d 289, 292-293 [2011]); his argument to the contrary under CPL 470.05 (2) is unavailing (see People v Newland, 138 AD3d 611 [1st Dept 2016], lv denied 28 NY3d 934 [2016]), and we decline to review this claim in the interest of justice. As an alternative holding, we find that the period at issue was properly excluded as a reasonable delay resulting from pretrial motions (see CPL 30.30 [4] [a]; People v Wells, 16 AD3d 174 [1st Dept 2005], lv denied 5 NY3d 796 [2005]). As to the second period in dispute, even if the People should have followed the court's direction to advance the case to an earlier calendar date, their failure to do so did not affect their actual readiness, which was all that was required by CPL 30.30. Accordingly, since the periods in dispute were excludable, the People were ready within the statutory time limit, irrespective of whether another period of delay was excludable on the ground of extraordinary circumstances, and thus there is no need to conduct a hearing on that issue.

The court properly permitted the prosecutor to introduce, as evidence of a text message conversation between the undercover officer and defendant, an email created by the undercover officer by copying the text message conversation and pasting it into an email, which the officer sent to his personal account and then printed out. The admission of the email, which was properly authenticated by the officer's testimony that he copied and pasted the entirety of the text message conversation (see People v Agudelo, 96 AD3d 611 [1st Dept 2012], lv denied 20 NY3d 1095 [2013]), did not violate the best evidence rule, which

"requires the production of an original writing where its contents are in dispute and sought to be proven" (*Schozer v William Penn Life Ins. Co. of N.Y.*, 84 NY2d 639, 643 [1994]). Here, the best evidence rule did not apply because there was no genuine dispute about the contents of the underlying text messages (*see People v Dicks*, 100 AD3d 528 [1st Dept 2012]). In any event, the undercover officer adequately explained the unavailability of the original, in that it was his routine practice to erase the original text messages from his phone, particularly since his cell phone automatically deleted text messages once the memory became full.

The court properly declined to instruct the jury that it could draw an adverse inference from the fact that a photocopy of prerecorded buy money was missing. The photocopy was not a prior statement of a witness, and therefore was not discoverable on that basis (*see* CPL 240.45 [1] [a]; *People v Malone*, 88 AD3d 586 [1st Dept 2011], *lv denied* 18 NY3d 959 [2012]). Furthermore, to the extent that the photocopy could be viewed as a photograph (*see* CPL 240.20 [1] [d]), it was irrelevant because no buy money was recovered from defendant or otherwise at issue at trial, and any error in denying an adverse inference charge was harmless.

Since defendant expressly limited his request for a sanction to the issue of the photocopy of the buy money, he waived such a claim as to police memo books that were destroyed as a result of the flooding of a police facility during Hurricane Sandy, and we decline to review that claim in the interest of justice. As an alternative holding, we reject it on the merits (*see People v Reyes*, 149 AD3d 478 [1st Dept 2017], *lv denied* 29 NY3d 1085 [2017]). Concur—Acosta, P.J., Renwick, Webber, Oing and Moulton, JJ.