People v Rodriguez (2018 NY Slip Op 05115)





People v Rodriguez


2018 NY Slip Op 05115


Decided on July 10, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 10, 2018

Friedman, J.P., Gische, Kahn, Singh, Moulton, JJ.


3051/12 7080 7079

[*1]The People of the State of New York, Respondent,
v
Johnny Rodriguez, Defendant-Appellant.


Rosemary Herbert, Office of the Appellate Defender, New York (Ondrej Staviscak Diaz of counsel), for appellant.
Johnny Rodriguez, appellant pro se.
Cyrus R. Vance, Jr., District Attorney, New York (Kelly L. Smith of counsel), for respondent.



Judgment, Supreme Court, New York County (Edward J. McLaughlin, J.), rendered June 24, 2013, as amended August 13, 2013, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the first degree (two counts), criminal sale of a controlled substance in the second degree (four counts), criminal sale of a controlled substance in the third degree (15 counts), criminal possession of a controlled substance in the third and fourth degrees, criminal possession of a weapon in the second degree, criminal sale of a firearm in the third degree, attempted criminal possession of a weapon in the second and third degrees, attempted criminal sale of a firearm in the third degree, resisting arrest, and two counts of criminally using drug paraphernalia in the second degree, and sentencing him, as a persistent violent felony offender, to an aggregate term of 30 years to life, and order (same court and Justice), entered on or about September 27, 2016, which denied defendant's CPL 440.10 motion to vacate the judgment, unanimously affirmed.
The evidence at a Hinton hearing established an overriding interest that warranted a limited closure of the courtroom during an undercover officer's testimony (see Waller v Georgia, 467 US 39 [1984]), and the closure did not violate defendant's right to a public trial. The evidence established that the officer had investigations pending, had received threats, was likely to return to the area of the sales at issue because of his wide-ranging activities, and was specifically likely to operate at a housing complex that is a short distance from the location of many of the charged sales. The court also considered special factors such as the officer's distinctive appearance, which made him especially prone to being recognized, and the courtroom's location, which created a heightened likelihood that the officer might encounter persons involved with drugs (see People v Pepe, 235 AD2d 221 [1st Dept 1997], lv denied 89 NY2d 1039 [1997]; People v Gross, 179 AD2d 138, 142 [1st Dept 1992], lv denied 80 NY2d 832 [1992]). A fair reading of the record indicates that the court implicitly or explicitly considered alternatives to full closure (see Presley v Georgia, 558 US 209 [2010]; People v Echevarria, 21 NY3d 1, 14-19 [2013]).
Defendant's argument regarding an adverse inference charge is similar to an argument this Court rejected on a codefendant's appeal (People v Reyes, 149 AD3d 478 [1st Dept 2017], lv denied 29 NY3d 1085 [2017]). This Court has rejected similar arguments in other cases (see e.g. People v Austin, 134 AD3d 559 [1st Dept 2015], revd on other grounds 30 NY3d 98 [2017]).
We have considered and rejected defendant's pro se ineffective assistance of counsel [*2]claim (see People v Benevento, 91 NY2d 708, 713-714 [1998]; see Strickland v Washington, 466 US 668 [1984]).
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 10, 2018
CLERK