Marzullo v Domenici (2021 NY Slip Op 50232(U))

[*1]

Marzullo v Domenici

2021 NY Slip Op 50232(U) [71 Misc 3d 127(A)]

Decided on March 18, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on March 18, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, J.P., ELIZABETH H. EMERSON, HELEN
VOUTSINAS, JJ

2019-1733 W C

Cathleen Marzullo, Appellant, 
against
Michael Domenici and Michele Domenici, Respondents.

Peter B. Ackerman, Esq., for appellant.
Miller & Lee, LLP (Joseph Miller of counsel), for respondents.

Appeal from a decision of the City Court of New Rochelle, Westchester County (Susan I.
Kettner, J.), dated June 3, 2019, deemed from a judgment of that court entered June 3, 2019 (see
CPLR 5512 [a]). The judgment, upon the decision, after a nonjury trial, dismissed the
complaint.

ORDERED that the judgment is reversed, without costs, and the matter is remitted to the
City Court for a new trial.
Plaintiff commenced this action to recover the sum of $15,000 which she allegedly loaned to
defendants. Defendants served an answer in which they denied that there was a loan and asserted
that the money was given as a gift. At a nonjury trial, plaintiff sought to submit printouts of text
messages from her phone between herself and defendants in order to establish that the money
was a loan. Defense counsel objected, arguing that there was no certification of accuracy of the
texts from the phone company. The City Court sustained the objection and precluded plaintiff
from authenticating the text messages through plaintiff's testimony. Following the trial, the City
Court, in a decision and order dated June 3, 2019, found that the evidence was insufficient to
establish that the $15,000 was a loan rather than a gift. A judgment was entered on June 3, 2019
dismissing the complaint. Plaintiff appeals, arguing that the court erred in refusing to permit her
to authenticate and enter the text messages into evidence, which proof would have established
the loan.
It has been held that a printed copy of the content of a set of cell phone messages may be
authenticated through, among other methods, the "testimony of a participant in the conversation
that it is a complete and accurate reproduction of the conversation and has not been altered" (People v Agudelo, 96 AD3d 611,
611 [2012] [internal quotation marks, brackets and citation [*2]omitted], lv denied 20 NY3d 1095 [2013]). Notably, "[t]he
credibility of the authenticating witness and any motive she [or he] may have had to alter the
evidence go to the weight to be accorded this evidence, rather than its admissibility" (id.).
Here, plaintiff received the messages on her phone, which was available in court, and "had
first-hand knowledge of their contents and was an appropriate witness to authenticate the
compilation" (id. at 612). Thus, the City Court erred when it denied plaintiff the
opportunity to authenticate the text messages she had printed out (see Matter of Colby II. (Sheba II.), 145
AD3d 1271 [2016]; see also People
v Javier, 154 AD3d 445 [2017]; De Vera v 243 Suydam, LLC, 60 Misc 3d 1224 [A], 2018 NY Slip
Op 51222[U] [Sup Ct, Kings County 2018]).
Accordingly, the judgment is reversed and the matter is remitted to the City Court for a new
trial.
GARGUILO, J.P., EMERSON and VOUTSINAS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 18, 2021