■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY FORGIONE, Appellant. [891 NYS2d 489]—

Rose, J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered September 11, 2008 in Albany County, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the fifth degree (three counts). ·

Defendant was charged by indictment with three counts of criminal sale of a controlled substance in the fifth degree. During pretrial proceedings, Supreme Court denied defendant's motion to dismiss the indictment on two grounds: first, that the grand jury proceedings were defective and, second, that the evidence before the grand jury was insufficient to establish an element of the crimes charged. Defendant later agreed to plead guilty as charged with the understanding that the plea would not foreclose his appeal of Supreme Court's ruling on his motion, and the court acknowledged that there would be no waiver of defendant's right to appeal. Defendant now appeals, arguing that his plea of guilty was not knowingly and voluntarily entered because he was misinformed by his attorney and the court that the issue of the sufficiency of the evidence would survive his guilty plea (*see e.g. People v Tehonica*, 46 AD3d 942, 942 [2007]).

Although this contention has not been preserved by a motion to withdraw the plea or vacate the conviction (*see e.g. People v Dixon*, 62 AD3d 1214 [2009], *lv denied* 13 NY3d 743 [2009]), defendant argues that he has preserved it because he pleaded guilty with his attorney's and Supreme Court's assurance that he would be able to appeal the court's ruling on that part of the motion, which challenged the sufficiency of the evidence before the grand jury. Nothing in the record, however, indicates that the appeal of that issue, rather than the issue of whether the proceedings were defective—which would not be forfeited by the guilty plea—was to be preserved. Because his present claim alleges representations and a preplea conference with the court that are outside the record on appeal, defendant's proper recourse is a motion pursuant to CPL 440.10 rather than direct appeal (*see* CPL 440.10 [1] [b], [f]; *People v Graham*, 298 AD2d 766, 766 [2002]; *People v Booker*, 280 AD2d 785, 786 [2001], *lv denied* 96 NY2d 916 [2001]).

Spain, J.P., Lahtinen, Malone Jr. and Kavanagh, JJ., concur. Ordered that the judgment is affirmed. [*See* 21 Misc 3d 691.]