Rose, J.
Defendant, a Russian citizen who migrated to this country as a child in 1993, pleaded guilty in 2008 to use of a child in a sexual performance and possession of a sexual performance by a child. He was sentenced to an aggregate term of imprisonment of nine years, with three years of postrelease supervision. When the US Immigration and Naturalization Service later informed defendant that he would be deported to Russia, he moved pursuant to CPL 440.10 to vacate the judgment of conviction based *905 upon, among other things, the ineffectiveness of his counsel in failing to advise him of the deportation consequences of his guilty plea. County Court denied the motion without a hearing and, by permission, defendant appeals.
There is no dispute that the crime of use of a child in a sexual performance is considered “aggravated” so as to require mandatory deportation (see 8 USC §§ 1101 [a] [43] [A]; 1227 [a] [2] [A] [in]; 18 USC § 3509 [a] [8]; Penal Law § 263.05). If defense counsel was aware of defendant’s immigration status and failed to inform him that he was pleading guilty to a deportable offense, then counsel’s representation would fall below an objective standard of reasonableness and thereby satisfy the first prong of the test for determining whether defendant was deprived of his constitutional right to the effective assistance of counsel (see Padilla v Kentucky, 559 US —, —, 130 S Ct 1473, 1482-1484 [2010]; Strickland v Washington, 466 US 668, 688 [1984]; People v Carty, 96 AD3d 1093, 1093-1094 [2012]). The second prong of this test requires a determination of whether “there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different” (Strickland v Washington, 466 US at 694).
In support of the first prong, defendant submitted documentary proof establishing that defense counsel was aware of his status as a noncitizen. In addition, defendant provided his own affidavit claiming that counsel never informed him that pleading guilty would result in deportation. He also provided an affidavit from his stepfather, who averred that he was the primary contact with defense counsel during plea negotiations and that neither he nor defendant were ever advised by counsel about the deportation consequences of the plea bargain. Thus, defendant provided his own sworn allegations plus a supporting affidavit tending to substantiate the essential fact that he was not advised that he would be pleading guilty to a deportable offense (see People v Williams, 72 AD3d 1347, 1348 [2010]; see also CPL 440.30 [4] [b], [d]). In opposition to the motion, the People submitted an affidavit from defense counsel stating that defendant’s claim was false. We note, however, that defense counsel did not offer any documentary evidence establishing that he discussed immigration issues with defendant prior to the guilty plea. Accordingly, there is a clear question of credibility and defendant’s claim is not conclusively resolved by unquestionable documentary evidence (see CPL 440.30 [4] [c]).
Turning to the second prong of the Strickland test, defendant demonstrated prejudice by claiming that he would not have accepted the plea bargain if he had been informed that it would *906 result in his deportation to Russia (see People v McDonald, 1 NY3d 109, 114-115 [2003]; People v Williams, 72 AD3d at 1348). This is sufficient as, contrary to the People’s argument, the inquiry into prejudice does not require a prediction analysis of the likely outcome of the trial (see People v McDonald, 1 NY3d at 115). In light of defendant’s showing that he would not have pleaded guilty if he had been informed that it would result in his deportation, County Court should have held a hearing on the CPL 440.10 motion (see People v Reynoso, 88 AD3d 1162, 1164 [2011]; People v Williams, 72 AD3d at 1348; People v Marshall, 66 AD3d 1115, 1116 [2009]). As County Court has already made a determination that there is no reasonable possibility that defendant’s claims are true, we remit for a hearing before a different judge.
Mercure, J.P., Kavanagh, McCarthy and Egan Jr., JJ., concur. Ordered that the order is reversed, on the law, and matter remitted to the County Court of Albany County for a hearing before a different judge.