(November 21, 2012)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SEWDAT RAJPAUL, Appellant. [954 NYS2d 249]—

Mercure, J.P. Appeals, by permission, from two orders of the County Court of Schenectady County (Drago, J.), entered January 20, 2010 and March 15, 2010, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crime of attempted assault in the second degree, without a hearing.

Defendant, a citizen of Guyana, entered this country in 2007. In 2008, he agreed to waive indictment and pleaded guilty to attempted assault in the second degree, following an altercation with his brother. He was sentenced to time served and five years of probation. After federal authorities commenced deportation proceedings against him, defendant moved pursuant to CPL 440.10 to vacate the judgment of conviction. County Court denied the motion without a hearing. Defendant thereafter submitted additional evidence in support of his motion, in the form of a letter from the attorney who represented him at the time of his plea and sentencing. The court again denied the motion, and defendant now appeals by permission from both orders.

Defendant argues that he was denied his right to the effective assistance of counsel under the Sixth Amendment (*see* US Const 6th Amend) based upon counsel's failure to advise him of the deportation consequences of his plea. It is now settled that the right to counsel guaranteed under the Federal Constitution requires that, "where the immigration consequences of a guilty

plea are clear, making deportation presumptively mandatory, defense counsel must accurately advise noncitizen clients that their pleas carry the risk of deportation" (*People v Carty*, 96 AD3d 1093, 1093-1094 [2012]; *see Padilla v Kentucky*, 559 US —, —, —, 130 S Ct 1473, 1483, 1486 [2010]). Thus, if defense counsel is aware of those consequences, but fails to so inform a defendant, the representation falls below an objective standard of reasonableness (*see Padilla v Kentucky*, 559 US at — - —, 130 S Ct at 1482-1484; *Strickland v Washington*, 466 US 668, 687-688 [1984]; *People v Oouch*, 97 AD3d 904, 905 [2012]). Under the two-pronged test applicable to federal claims of ineffective assistance of counsel, the defendant must then demonstrate a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different (*see Strickland v Washington*, 466 US at 694; *People v Oouch*, 97 AD3d at 905).

Counsel indicated that he was not aware of defendant's immigration status at the time of the plea. Generally, if counsel is not aware of a defendant's noncitizen status *and has no reason to question the defendant's citizenship*, the failure to inform the defendant of immigration consequences of a guilty plea does not constitute ineffective assistance (*see People v Carty*, 96 AD3d at 1095-1096). Here, in contrast, the police report of the incident resulting in this charge against defendant indicates that defendant is Guyanese. Moreover, the presentence investigation report (hereinafter PSI) reflects that defendant had resided in this country for only approximately one year prior to his conviction, and the PSI is replete with information regarding defendant's noncitizen status and his eagerness to provide documentation that his residency in this country is legal. Given counsel's unexplained failure to inquire into defendant's immigration status prior to the plea proceeding or to move to withdraw the plea upon receipt of the PSI, defendant adequately demonstrated that the representation fell below an objective standard of reasonableness.

Further, in our view, defendant sufficiently established prejudice to warrant a hearing. A review of the record indicates that the evidence against defendant was far from overwhelming, supporting his contention that, if he had been made aware of the deportation consequences of pleading guilty, he would have elected to take his chances at trial, rather than accepting a sentence of time served. In light of the foregoing, County Court should have held a hearing on the CPL 440.10 motion (*see People v Oouch*, 97 AD3d at 906; *People v Reynoso*, 88 AD3d 1162, 1164 [2011]; *People v Marshall*, 66 AD3d 1115, 1116 [2009]).

Finally, we conclude that *Padilla v Kentucky* should be applied retroactively for the reasons stated by the Appellate Division, First Department in *People v Baret* (99 AD3d 408, 409 [2012]; *see People v Oouch*, 97 AD3d at 905-906).

Rose, Lahtinen, McCarthy and Egan Jr., JJ., concur. Ordered that the orders are reversed, on the law, and matter remitted to the County Court of Schenectady County for a hearing.