Stein, J.
Appeal, by permission, from an order of the County Court of St. Lawrence County (Richards, J.), entered March 22, *883 2011, which denied defendant’s motion pursuant to CPL 440.10 to vacate the judgment of conviction.
Defendant is a citizen of Jamaica, West Indies, who has resided in this country since he was nine years old. In 2009, defendant pleaded guilty to criminal possession of a controlled substance in the fifth degree in full satisfaction of a seven-count indictment pending against him. In accordance with the plea agreement, defendant was sentenced to five years of probation. After federal authorities commenced deportation proceedings against him, defendant moved pursuant to CPL 440.10 to vacate the judgment of conviction. County Court denied the motion without a hearing and defendant now appeals by permission.
Relying upon the rule set forth in Padilla v Kentucky (559 US 356, 368-369 [2010]), defendant argues that he was denied his right to the effective assistance of counsel under the Sixth Amendment (see US Const 6th Amend) due to counsel’s failure to advise him of the deportation consequences of his plea (see People v Carty, 96 AD3d 1093, 1093-1094 [2012]). Notwithstanding our prior holding that this rule applies retroactively (see People v Rajpaul, 100 AD3d 1183 [2012]; People v Baret, 99 AD3d 408, 409 [2012]), the United States Supreme Court has declared that Padilla is a “new rule,” which is not retroactive (Chaidez v United States, 568 US —, 133 S Ct 1103 [2013]). Here, inasmuch as defendant’s conviction was final prior to Padilla, the rule set forth therein is inapplicable. Therefore, defendant’s motion to vacate the judgment of conviction was properly denied.
Peters, P.J., Rose and Garry, JJ., concur. Ordered that the order is affirmed.