Rose, J.
Appeal, by permission, from an order of the County Court of Otsego County (Lambert, J.), entered February 24, 2016, which denied defendant’s motion pursuant to CPL 440.10 to vacate a judgment convicting him of the crime of attempted assault in the second degree, without a hearing.
In 2012, defendant pleaded guilty to the reduced charge of attempted assault in the second degree in satisfaction of a superior court information, admitting that he had assaulted another person with a knife. Defendant was sentenced to time served and did not appeal. After defendant, a non-United States citizen, was detained by immigration officials for removal, he moved pursuant to CPL article 440 to vacate the judgment of conviction. The motion was premised upon the *1473 claim that his plea was not knowing, voluntary or intelligent and he had been denied the effective assistance of counsel in that counsel never advised him of the immigration consequences of his guilty plea. County Court denied the motion without a hearing, and defendant now appeals by permission of this Court.
Initially, defendant does not dispute that County Court fulfilled its obligation during the plea allocution by adequately advising him that, if he were not a Unites States citizen, his felony conviction may expose him to deportation, thereby protecting his due process rights (see People v Peque, 22 NY3d 168, 192-193 [2013]).* Instead, defendant contends that because defense counsel failed to inform him of those deportation consequences prior to his guilty plea, he was deprived of the effective assistance of counsel, relying on Padilla v Kentucky (559 US 356 [2010]), which was decided well before defendant’s 2012 guilty plea here. The Court of Appeals has recognized that, “because deportation is so closely related to the criminal process and carries such high stakes for noncitizen defendants, a defense attorney deprives a noncitizen defendant of his or her Sixth Amendment right to the effective assistance of counsel by failing to advise, or by misadvising, the defendant about the immigration consequences of a guilty plea” (People v Peque, 22 NY3d at 190, citing Padilla v Kentucky, 559 US at 366-374). In Padilla, the Supreme Court of the United States held that defense counsel was obligated to accurately advise the defendant that his controlled substance conviction subjected him to automatic deportation (Padilla v Kentucky, 559 US at 360, 368-369). Where, as here, deportation consequences of a guilty plea are less certain because removal was sought for a crime involving moral turpitude (see 8 USC § 1182 [a] [2] [A] [i] [I]), counsel’s obligation is more limited, requiring that a defendant be advised that a guilty plea “may carry a risk of adverse immigration consequences” (Padilla v Kentucky, 559 US at 369).
In moving to vacate the judgment, defendant submitted an affidavit in which he avers that he informed defense counsel at the outset that he was a lawful permanent resident, and that counsel provided “no advice with respect to deportation.” Under Padilla, where defense counsel fails to advise a defendant of *1474 the possible, or presumptively mandatory, deportation consequences of his or her plea, a defendant claiming ineffective assistance of counsel under the Sixth Amendment must show that, in addition to deficient performance by counsel, “ ‘there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different’ ” (id. at 366, quoting Strickland v Washington, 466 US 668, 694 [1984]; see People v Hernandez, 22 NY3d 972, 975 [2013], cert denied 572 US —, 134 S Ct 1900 [2014]; People v Carty, 96 AD3d 1093, 1095 [2012]). “In the plea context, the defendant ‘must show that there is a reasonable probability that, but for counsel’s errors, he [or she] would not have pleaded guilty and would have insisted on going to trial’ ” (People v Hernandez, 22 NY3d at 975 [citations omitted], quoting Hill v Lockhart, 474 US 52, 59 [1985]).
Here, even crediting the allegations in defendant’s affidavit, he fails to demonstrate that there is a “reasonable probability” that he would not have pleaded guilty had defense counsel advised him that a guilty plea may carry a risk of adverse immigration consequences. In fact, the record clearly reflects that County Court expressly informed him of the possibility that he could be deported as a result of his guilty plea and, so informed, he nonetheless thereafter pleaded guilty (see People v Hernandez, 22 NY3d at 975-976; People v Carty, 96 AD3d at 1093-1096). Aside from his conclusory allegations, defendant fails to submit any evidence to support his claim that, had counsel informed him of the possibility of deportation in addition to County Court’s advisement, he would have insisted on going to trial. Accordingly, his motion to vacate was properly denied without a hearing (see CPL 440.30 [4] [d]; compare People v Diallo, 113 AD3d 199, 200-202 [2013]).
Defendant’s remaining claims similarly lack merit.
Egan Jr., J.P., Lynch, Clark and Mulvey, JJ., concur.
Ordered that the order is affirmed.

 It has been held that People v Peque (supra), decided after defendant’s right to a direct appeal expired here in 2012, does not apply retroactively to state court postconviction proceedings (see People v Pena, 132 AD3d 910, 911 [2015], lv denied 26 NY3d 1148 [2016]; People v Llibre, 125 AD3d 422, 424 [2015], lvs denied 26 NY3d 969 [2015], 27 NY3d 1001 [2016]).