People v Marte-Feliz (2021 NY Slip Op 01810)





People v Marte-Feliz


2021 NY Slip Op 01810


Decided on March 25, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 25, 2021

112287

[*1]The People of the State of New York, Respondent,
v
Pedro Marte-Feliz, Appellant.

Calendar Date: February 8, 2021

Before: Egan Jr., J.P., Clark, Aarons, Pritzker and Colangelo, JJ.


Danielle Neroni Reilly, Albany, for appellant.
P. David Soares, District Attorney, Albany (Emily Schultz of counsel), for respondent.



Pritzker, J.
Appeal, by permission, from an order of the Supreme Court (McDonough, J.), entered April 21, 2020 in Albany County, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crime of criminal sale of a controlled substance in the third degree, without a hearing.
In satisfaction of a one-count indictment, defendant, a noncitizen of the United States, pleaded guilty to criminal sale of a controlled substance in the third degree and waived his right to appeal. In accordance with the terms of the plea agreement, he was sentenced to six years in prison, followed by two years of postrelease supervision. He subsequently made an unsuccessful pro se motion pursuant to CPL 440.20 to set aside the sentence. Thereafter, his counsel moved pursuant to CPL 440.10 to vacate the judgment of conviction on the grounds that defendant was denied the effective assistance of trial counsel and that his guilty plea was not knowingly, voluntarily and intelligently entered. Supreme Court denied the motion without a hearing. This Court granted defendant permission to appeal.
Supreme Court did not abuse its discretion in denying defendant's CPL 440.10 motion to vacate the judgment of conviction without a hearing. On a motion to vacate a judgment of conviction under CPL 440.10, "a hearing is only required if the submissions show that the nonrecord facts sought to be established are material and would entitle the defendant to relief" (People v Vargas, 173 AD3d 1466, 1468 [2019] [internal quotation marks and citations omitted], lv denied 34 NY3d 955 [2019]; see People v Stanley, 189 AD3d 1818, 1819 [2020]). Furthermore, "[a] court may deny a vacatur motion without a hearing if it is based on the defendant's self-serving claims that are contradicted by the record or unsupported by any other evidence" (People v Vargas, 173 AD3d at 1468; see People v Stanley, 173 AD3d at 1819; People v Guynup, 159 AD3d 1223, 1225 [2018], lv denied 31 NY3d 1082 [2018]).
Defendant's primary contention is that he was denied the effective assistance of counsel because trial counsel did not advise him of the immigration consequences of his guilty plea and, thus, his plea was not knowing, intelligent and voluntary. Given that defendant's ineffective assistance of counsel claim impacts the voluntariness of his plea, it is not precluded by his unchallenged waiver of the right to appeal and was preserved by an appropriate postallocution motion (see People v Manley, 167 AD3d 1161, 1162 [2018]; People v Achouatte, 91 AD3d 1028, 1028-1029 [2012], lv denied 18 NY3d 954 [2012], cert denied 568 US 861 [2012]). Given defendant's status as a resident alien, under federal law his conviction of criminal sale of a controlled substance in the third degree subjected him to deportation (see 8 USC § 1227 [a] [2] [B] [i]; Penal Law § 220.39 [1]; People v Carty, 96 AD3d 1093, 1094 [2012]). In Padilla v Kentucky (559 US 356, 366-374 [2010]), a case relied heavily upon [*2]by defendant, the Supreme Court of the United States held that where the immigration consequences of a guilty plea are clear and would result in mandatory deportation, defense counsel is required to accurately advise a noncitizen client that the guilty plea carries with it the risk of deportation (see People v Lawrence, 148 AD3d 1472, 1473 [2017]; People v Carty, 96 AD3d at 1093-1094). If defense counsel fails to do so, "then counsel's representation would fall below an objective standard of reasonableness and thereby satisfy the first prong of the test [set forth in Padilla] for determining whether [a] defendant was deprived of his [or her] constitutional right to the effective assistance of counsel" (People v Oouch, 97 AD3d 904, 905 [2012]; see People v Carty, 96 AD3d at 1093-1094). Under Padilla, the second prong of the test "requires a determination of whether 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different'" (People v Oouch, 97 AD3d at 905, quoting Strickland v Washington, 466 US 668, 694 [1984]; see People v Carty, 96 AD3 at 1094).
In support of his CPL 440.10 motion, defendant submitted, among other things, the affirmation of his appellate counsel, his own affidavit and the transcripts of the plea and sentencing proceedings. These submissions set forth that defendant speaks little English and his trial counsel did not meet with him privately with an interpreter to discuss the case and did not disclose the deportation consequences that would most certainly result from his guilty plea. However, the transcript of defendant's plea proceeding reflects that defendant was assisted by an interpreter and that Supreme Court specifically inquired as to whether defendant understood, and if he had discussed with his attorney, "that [his] conviction may likely result in [his] deportation." Defendant answered in the affirmative. Later in the proceedings, the court asked defendant whether he understood "that the statements that you make here today may be used against you in subsequent judicial proceedings, [i]ncluding deportation proceedings?" Defendant once again answered in the affirmative.[FN1] In view of the foregoing, defendant's assertion that his counsel did not advise him of the deportation consequences of his guilty plea is belied by the record; instead, it is based on his own self-serving statements and not upon any evidence establishing that his counsel was ineffective under the two-prong test set forth in Padilla (see People v Lawrence, 148 AD3d at 1474; People v Castro, 133 AD3d 986, 987 [2015]; compare People v Perez, 185 AD3d 1156, 1158-1159 [2020]).
Defendant also alleges ineffective assistance of counsel due to counsel's failure to advise him of potential affirmative defenses. The only proof submitted in support of this portion of defendant's motion are an affirmation of defendant's appellate counsel and an affidavit of defendant, both of which [*3]are conclusory, self-serving and contradicted by the record of the plea proceeding (see People v Robles, 172 AD3d 1780, 1781-1782 [2019], lv denied 34 NY3d 983 [2019]; People v Passino, 25 AD3d 817, 819 [2006], lv denied 6 NY3d 816 [2006]). Moreover, the record reveals that counsel negotiated a favorable plea that exposed defendant to less than the maximum sentence, and otherwise advocated vigorously on his behalf (see People v Baldi, 54 NY2d 137, 147 [1981]; see People v Taylor, 156 AD3d 86, 91 [2017], lv denied 30 NY3d 1120 [2018]). Consequently, under these circumstances, Supreme Court did not abuse its discretion in denying defendant's CPL 440.10 motion without a hearing.
Egan Jr., J.P., Clark, Aarons and Colangelo, JJ., concur.
ORDERED that the order is affirmed.



Footnotes

Footnote 1: Although Supreme Court neglected to have defendant sworn in at the commencement of the proceedings, it did so at the end and defendant confirmed that everything he stated during the proceedings was true.