People v Beverly (2021 NY Slip Op 04262)





People v Beverly


2021 NY Slip Op 04262


Decided on July 8, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:July 8, 2021

110940 110978
[*1]The People of the State of New York, Respondent,
v
Albert Beverly, Appellant.

Calendar Date:May 26, 2021

Before:Egan Jr., J.P., Aarons, Pritzker, Reynolds Fitzgerald and Colangelo, JJ.

Dana L. Salazar, East Greenbush, for appellant.
Mary Pat Donnelly, District Attorney, Troy (George J. Hoffman Jr. of counsel), for respondent.



Aarons, J.
Appeals (1) from a judgment of the County Court of Rensselaer County (Young, J.), rendered January 2, 2019, convicting defendant upon his plea of guilty of the crime of obstructing governmental administration in the second degree, and (2) by permission, from an order of said court, entered March 1, 2019, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.
In June 2018, defendant was charged by indictment with various crimes based upon allegations that he violated an order of protection and refused to cooperate with law enforcement officials while being arrested. Defendant was subsequently charged by a superseding indictment with multiple crimes, including obstructing governmental administration in the second degree. In satisfaction of the superseding indictment, as well as unrelated pending charges in Troy City Court, defendant pleaded guilty to one count of obstructing governmental administration in the second degree. County Court thereafter sentenced defendant, in accordance with the terms of the plea agreement, to a term of imprisonment and issued an order of protection against defendant. Defendant thereafter moved to vacate the judgment under CPL article 440 arguing, among other things, that he received the ineffective assistance of counsel. The court denied the motion. Defendant appeals from the judgment of conviction and, by permission, from the order denying his CPL article 440 motion.
Defendant argues that the superseding indictment was jurisdictionally defective because count 15 therein, which charged him with obstructing governmental administration in the second degree, did not set forth the elements of that crime. We disagree. Count 15 of the superseding indictment specifically cited to Penal Law § 195.05, "which operated without more to constitute allegations of all the elements of the crime" (People v West, 189 AD3d 1981, 1983 [2020] [internal quotation marks, brackets and citation omitted]; see People v Park, 163 AD3d 1060, 1064 [2018]). We also note that count 15 parroted language from Penal Law § 195.05 and set forth the date and factual claims regarding the alleged crime. Accordingly, there was no jurisdictional defect.
Defendant's remaining challenges to the superseding indictment, although characterized as jurisdictional in nature, are essentially directed to its facial sufficiency. As such, they are forfeited by his guilty plea (see People v Brice, 146 AD3d 1152, 1154 [2017], lv denied 29 NY3d 996 [2017]; People v Olmstead, 111 AD3d 1063, 1064 [2013]). Defendant's challenge to the final order of protection is likewise forfeited by his guilty plea (see People v Konieczny, 2 NY3d 569, 574 [2004]).
Turning to defendant's CPL article 440 motion, "[t]o demonstrate the existence of questions of fact requiring a hearing, a defendant is obliged to show that the nonrecord facts sought to be established are material and would entitle him or her to relief" (People [*2]v Hunter, 175 AD3d 1601, 1603 [2019] [internal quotation marks and citations omitted], lvs denied 34 NY3d 1078, 1082 [2019]; see People v Carston, 163 AD3d 1166, 1168 [2018], lv denied 32 NY3d 1002 [2018]). "Furthermore, a court may deny a vacatur motion without a hearing if it is based on the defendant's self-serving claims that are contradicted by the record or unsupported by any other evidence" (People v Marte-Feliz, 192 AD3d 1397, 1398 [2021] [internal quotation marks, brackets and citations omitted]).
As relevant here, defendant's motion centered on the premise that he would not have pleaded guilty had he known that he would not receive certain jail time credit and, as a consequence of erroneous advice provided to him, he received ineffective assistance. Defendant submitted an affidavit wherein he averred that counsel told him that he would receive jail time credit — advice that was given "both off the record and on the record." The record reflects that counsel advocated for defendant by requesting that defendant receive jail time credit. Indeed, County Court advised defendant that he would "receive credit for anything that he served on this matter" but that it could not control how such credit would be calculated. Defendant's only grievance to the foregoing was that he wanted the court to expressly state that the imposed sentence would be concurrent to a prior sentence. In response thereto, the court stated that it could not do so. Defendant subsequently confirmed that he understood the terms of the offer and that he was satisfied with counsel's representation of him. Because defendant's proof amounted to self-serving claims that were belied by the record, County Court did not err in denying defendant's motion without a hearing (see People v Guynup, 159 AD3d 1223, 1225-1226 [2018], lv denied 31 NY3d 1082 [2018]; People v Lagas, 111 AD3d 1026, 1027 [2013], lvs denied 22 NY3d 1196, 1200 [2014]; People v Griffin, 24 AD3d 972, 974 [2005], lv denied 6 NY3d 834 [2006]).
Egan Jr., J.P., Pritzker, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the judgment and order are affirmed.