People v Baez-Arias (2022 NY Slip Op 01852)





People v Baez-Arias


2022 NY Slip Op 01852


Decided on March 17, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:March 17, 2022

112753
[*1]The People of the State of New York, Respondent,
v
Yadiel Baez-Arias, Appellant.

Calendar Date:February 9, 2022

Before:Lynch, J.P., Clark, Aarons, Colangelo and Fisher, JJ.

Law Offices of Danielle Neroni, Albany (Danielle Neroni Reilly of counsel), for appellant.
Lorraine C. Diamond, District Attorney, Fonda (Christina Pearson of counsel), for respondent.



Colangelo, J.
Appeal, by permission, from an order of the County Court of Montgomery County (Catena, J.), entered March 25, 2021, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crime of grand larceny in the fourth degree, without a hearing.
In June 2018, defendant, a noncitizen of the United States, pleaded guilty to grand larceny in the fourth degree and waived his right to appeal. In accordance with the terms of the plea agreement, County Court sentenced defendant to 1&frac13; to 4 years in prison. In January 2021, defendant moved pursuant to CPL 440.10 to vacate the judgment of conviction on the grounds that his plea was involuntary and he was denied the effective assistance of counsel because trial counsel failed to advise him of the deportation consequences of his plea. County Court denied the motion without a hearing, and this Court granted defendant permission to appeal.
We affirm. "The Court of Appeals has recognized that, 'because deportation is so closely related to the criminal process and carries such high stakes for noncitizen defendants, a defense attorney deprives a noncitizen defendant of his or her Sixth Amendment right to the effective assistance of counsel by failing to advise, or by misadvising, the defendant about the immigration consequences of a guilty plea'" (People v Lawrence, 148 AD3d 1472, 1473 [2017], quoting People v Peque, 22 NY3d 168, 190 [2013]; see Padilla v Kentucky, 559 US 356, 366-374 [2010]). As a result of such a failure, "counsel's representation would fall below an objective standard of reasonableness and thereby satisfy the first prong of the test set forth in Padilla for determining whether a defendant was deprived of his or her constitutional right to the effective assistance of counsel" (People v Marte-Feliz, 192 AD3d 1397, 1398 [2021] [internal quotation marks, brackets and citations omitted]; see People v Oouch, 97 AD3d 904, 905 [2012]). The second prong of the Padilla test "requires a determination of whether there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" (People v Oouch, 97 AD3d at 905 [internal quotation marks and citation omitted]; see People v Rajpaul, 100 AD3d 1183, 1184 [2012]).
"On a motion to vacate a judgment of conviction under CPL 440.10, a hearing is only required if the submissions show that the nonrecord facts sought to be established are material and would entitle the defendant to relief" (People v Marte-Feliz, 192 AD3d at 1397-1398 [internal quotation marks and citations omitted]; see People v Durham, 195 AD3d 1318, 1320 [2021], lv denied 37 NY3d 1160 [2022]). Moreover, "[a] court may deny a vacatur motion without a hearing if it is based on the defendant's self-serving claims that are contradicted by the record or unsupported by any other evidence" (People v Vargas, 173 AD3d 1466, 1468 [2019], lv denied 34 NY3d 955 [2019]; see People v Guynup, 159 AD3d [*2]1223, 1225 [2018], lv denied 31 NY3d 1082 [2018]).
In support of his CPL 440.10 motion, defendant submitted, among other things, his affidavit and an affirmation by his appellate counsel. According to those submissions, trial counsel informed defendant that counsel was unable to advise him about the immigration ramifications of his guilty plea and told defendant that he should consult with an immigration attorney for such advice. The record reflects, however, that defendant was aware that the consequences of a guilty plea included the potential that he be deported. In a letter that defendant wrote to County Court prior to the date he entered his plea, defendant informed the court that he was not a citizen of the United States and that he wished to plead guilty if he could be assured of not getting a sentence of greater than a year in prison. Otherwise, defendant stated in the letter that he "[did] not want to risk getting deported." At the outset of the plea colloquy, defendant was informed that the plea agreement included that he plead guilty to grand larceny in the fourth degree and that he would be sentenced to a prison term of 1&frac13; to 4 years in prison. During the colloquy, County Court specifically inquired as to whether defendant had conferred with counsel about and understood that as a noncitizen, he "may well be deported as a consequence of [his] guilty plea to a felony." Defendant answered in the affirmative and went on to plead guilty pursuant to the terms of the plea agreement. In our view, defendant's assertion that counsel did not advise him of the deportation consequences of his guilty plea is belied by the record and, as there is no evidence establishing that counsel was ineffective pursuant to Padilla, we find that County Court did not err in denying defendant's motion without a hearing (see People v Marte-Feliz, 192 AD3d at 1399; People v Lawrence, 148 AD3d at 1474).
Lynch, J.P., Clark, Aarons and Fisher, JJ., concur.
ORDERED that the order is affirmed.