People v Miles (2022 NY Slip Op 03283)





People v Miles


2022 NY Slip Op 03283


Decided on May 19, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:May 19, 2022

111733 111734 112327
[*1]The People of the State of New York, Respondent,
v
Duane Miles, Appellant.

Calendar Date:April 25, 2022

Before:Garry, P.J., Aarons, Pritzker, Reynolds Fitzgerald and Fisher, JJ.

Dana L. Salazar, East Greenbush, for appellant.
Mary Pat Donnelly, District Attorney, Troy (George J. Hoffman Jr. of counsel), for respondent.



Garry, P.J.
Appeals (1) from a judgment of the County Court of Rensselaer County (Young, J.), rendered May 13, 2019, convicting defendant upon his pleas of guilty to the crimes of criminal possession of a controlled substance in the third degree and arson in the second degree, and (2) by permission, from an order of said court, entered April 15, 2020, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.
Defendant was charged in a two-count indictment and thereafter pleaded guilty to criminal possession of a controlled substance in the third degree. Pursuant to the plea agreement, defendant waived his right to appeal and County Court agreed to sentence defendant to a prison term of 3½ years with shock incarceration followed by two years of postrelease supervision. Defendant failed to appear for sentencing and was rearrested for different criminal conduct. Shortly thereafter, defendant's first counsel was relieved and his second counsel was appointed. Defendant was charged, in a 21-count indictment, with multiple counts of arson and criminal mischief. In satisfaction of that indictment, defendant pleaded guilty to one count of arson in the second degree and waived his right to appeal, and the court agreed to sentence defendant to a prison term of five years to be followed by five years of postrelease supervision. Additionally, defendant agreed to waive his right to have any hearings related to the first indictment, and the court agreed to sentence defendant on his conviction on the first indictment to a prison term of eight years, to be followed by two years of postrelease supervision, with these sentences to run concurrently.
Defendant subsequently moved to withdraw his pleas, and County Court denied this motion. The court then sentenced defendant in accord with the plea agreements. Defendant also made a pro se CPL article 440 motion to vacate the judgment of conviction, which the court denied. Defendant appeals directly from the judgment of conviction and from the denial of his CPL article 440 motion.
We affirm. Initially, we find that, under the circumstances presented here, defendant's appeal waiver is valid (see People v Hemingway, 192 AD3d 1266, 1266-1267 [2021], lvs denied 37 NY3d 956, 960 [2021]; compare People v Thomas, 34 NY3d 545, 565-566 [2019]). As such, defendant's challenge to his sentence is foreclosed (see People v Nack, 200 AD3d 1197, 1199 [2021], lv denied ___ NY3d ___ [Apr. 20, 2022]).
Defendant's contention that his pleas were not knowing, intelligent or voluntary because he was unaware of the sentence he was to receive survives his appeal waiver (see People v Jean-Pierre, 203 AD3d 1226, 1228 [2022]; People v Agueda, 202 AD3d 1153, 1154 [2022]; People v Trichilo, 199 AD3d 1125, 1126 [2021]) and is properly preserved through the postallocution motion (see People v Hewitt, 201 AD3d 1041, 1044 [2022], lv denied 38 NY3d 928 [2022]). However, this contention is belied [*2]by the record. County Court went over the plea agreements with defendant, and his second counsel requested and was granted a pause in the proceedings to explain the terms of the agreement to defendant off the record. Defendant inquired regarding the sentences and affirmed that he understood the sentences he was to receive on each conviction. We therefore find defendant's guilty plea to be knowing, intelligent and voluntary (see People v Broomfield, 128 AD3d 1271, 1272 [2015], lv denied 26 NY3d 1086 [2015]; People v Smith, 123 AD3d 950, 950-951 [2014], lv denied 25 NY3d 953 [2015]).
As defendant did not argue in his postallocution motion to withdraw his plea that he received ineffective assistance of counsel on the ground that counsel misinformed defendant of the terms of the plea agreements, this argument is not preserved for review (see People v Rollins, 203 AD3d 1386, 1387 [2022]; People v Rosario, 203 AD3d 1404, 1405 [2022]). Moreover, this contention should have been raised by way of a CPL article 440 motion because it involves conversations between defendant and his second counsel that occurred outside the record (see People v Aponte, 190 AD3d 1031, 1033 [2021], lvs denied 37 NY3d 953, 959, 960 [2021]; People v Forgione, 67 AD3d 1071, 1072 [2009]). Defendant's remaining challenges to the voluntariness of his plea or claims of ineffective assistance of counsel raised as part of his direct appeal are unpreserved for our review (see People v Ramos, 179 AD3d 1395, 1396 [2020], lv denied 35 NY3d 973 [2020]; People v Simon, 166 AD3d 1075, 1076 [2018]).
Turning to defendant's CPL article 440 motion, we initially find that defendant's contention that the People committed a Brady violation that impacted the voluntariness of his plea was properly raised on this motion "because [it] rel[ies] on information outside the record of the plea proceedings and therefore could not have been raised on direct appeal" (People v Rouse, 126 AD3d 1227, 1228 [2015] [internal quotation marks and citation omitted]). However, we find defendant's contentions to be without merit. "[T]o demonstrate the existence of questions of fact requiring a hearing, a defendant is obliged to show that the nonrecord facts sought to be established are material and would entitle him or her to relief," and "a court may deny a vacatur motion without a hearing if it is based on the defendant's self-serving claims that are contradicted by the record or unsupported by any other evidence" (People v Beverly, 196 AD3d 864, 865 [2021] [internal quotation marks and citations omitted], lv denied 37 NY3d 1058 [2021]; see People v Baez-Arias, 203 AD3d 1409, 1410 [2022]). Defendant's theory that the People committed a Brady violation by failing to provide him with a recording that contained exculpatory evidence is purely speculative, particularly given that the recording allegedly concerns a sale of a controlled substance that defendant was not charged with (see People v Johnson, 60 AD3d 1496[*3], 1497 [2009], lv denied 12 NY3d 926 [2009]; People v Mullady, 180 AD2d 408, 409 [1992], lv denied 80 NY2d 835 [1992]; People v Fappiano, 139 AD2d 524, 525 [1988], lv denied 72 NY2d 918 [1988]). As there is no indication that the recording contained exculpatory evidence, there is no support for defendant's contention that possession of this recording would have influenced his decision to plead guilty (see People v Chapman, 179 AD3d 1526, 1526-1527 [2020], lv denied 35 NY3d 968 [2020]; People v Williams, 170 AD3d 1666, 1666 [2019]). Further, even if defendant's first counsel was aware of the alleged failure to turn over this recording, counsel may have had a strategic reason for not pursuing this recording, "as that effort may have extended litigation past the point at which the People were willing to offer the plea agreement," thereby jeopardizing the highly favorable plea agreement that defendant's first counsel had negotiated on defendant's behalf (see People v Phillip, 200 AD3d 1108, 1110 [2021]). Accordingly, we find that defendant has not demonstrated any questions of fact that would warrant a hearing.
Aarons, Pritzker, Reynolds Fitzgerald and Fisher, JJ., concur.
ORDERED that the judgment and order are affirmed.