People v Gayle (2023 NY Slip Op 05554)

People v Gayle

2023 NY Slip Op 05554

Decided on November 2, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 2, 2023

112749
[*1]The People of the State of New York, Respondent,
v
Jamilia Gayle, Appellant.

Calendar Date:October 17, 2023

Before:Garry, P.J., Lynch, Reynolds Fitzgerald, Fisher and Powers, JJ.

Steven A. Feldman, Manhasset, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.

Powers, J.
Appeal from a judgment of the Supreme Court (Kathleen B. Hogan, J.), rendered June 23, 2020 in Schenectady County, convicting defendant upon her plea of guilty of the crime of assault in the second degree.
Defendant, who is not a United States citizen, was charged in a four-count indictment with assault in the first degree, criminal possession of a weapon in the fourth degree and two counts of tampering with physical evidence as a result of her stabbing her paramour in a home where children were present. In satisfaction of the indictment, and with no commitment as to sentencing, defendant pleaded guilty to the reduced charge of assault in the second degree and waived her right to appeal. Supreme Court thereafter sentenced defendant to seven years in prison, followed by three years of postrelease supervision. Defendant appeals.
We affirm. Initially, we find no merit to defendant's challenge to the validity of her waiver of appeal. Contrary to defendant's contentions, the plea minutes reflect that, prior to pleading guilty, Supreme Court informed her that an appeal waiver was a condition of the plea agreement and advised her of the separate and distinct nature and scope of the waiver, which defendant indicated she understood. Defendant further executed a written waiver of appeal and confirmed that she had discussed the waiver with counsel. Accordingly, we find that the appeal waiver was knowing, voluntary and intelligent (see People v Foote, 210 AD3d 1311, 1312 [3d Dept 2022]; People v Griffin, 177 AD3d 1039, 1040 [3d Dept 2019], lv denied 34 NY3d 1078 [2019]). In view of defendant's valid appeal waiver, her challenge to the severity of her sentence is precluded (see People v Parker, 196 AD3d 970, 971 [3d Dept 2021]; People v Mirel, 194 AD3d 1198, 1199 [3d Dept 2021]).
Defendant's challenge to the voluntariness of her plea — premised upon her assertion that she was not properly informed of the potential immigration implications of pleading guilty and was not timely apprised of her Boykin rights — survives her valid appeal waiver, but is unpreserved for our review in the absence of an appropriate postallocution motion (see People v Crampton, 201 AD3d 1020, 1022 [3d Dept 2022], lv denied 37 NY3d 1160 [2022]; People v Nichols, 194 AD3d 1114, 1115 [3d Dept 2021], lv denied 37 NY3d 973 [2021]). Defendant's contention that her challenge is not subject to the preservation rule insofar as it is premised upon an alleged Boykin violation is without merit, as "[t]he Court of Appeals has made clear 'that the preservation requirement still applies to Boykin claims. Thus, a challenge to the validity of a plea, whether based on the court's failure to mention the Boykin rights or some other alleged defect in the allocution, must be preserved depending on the facts of each case' " (People v Small, 166 AD3d 1237, 1238 [3d Dept 2018] [ellipsis and brackets omitted], quoting People v Conceicao, 26 NY3d 375, 382 [2015]). Upon our review of the record, we find that the [*2]exception to the preservation rule does not apply (see People v Peque, 22 NY23d 168, 182-183 [2013], cert denied 574 US 840 [2014]; People v Podeswa, 205 AD3d 1139, 1140 [3d Dept 2022], lv denied 38 NY3d 1135 [2022]). In this regard, the record reflects that Supreme Court expressly informed defendant of her Boykin rights prior to her pleading guilty (see People v Conceicao, 26 NY3d at 382; compare People v Tyrell, 22 NY3d 359, 365-366 [2013]). The court likewise alerted defendant that pleading guilty could result in certain immigration consequences and confirmed with her that, through her trial counsel, she had consulted with an immigration attorney prior to pleading guilty and that she "understood all the potential impacts of [her] plea upon [her] immigration status" (see People v Peque, 22 NY3d at 182-183; People v Manzanales, 170 AD3d 752, 753 [2d Dept 2019]; People v Balbuena, 123 AD3d 1384, 1385 [3d Dept 2014]). In view of the foregoing, and as defendant did not request time to seek additional legal guidance, we also find no merit to defendant's related claim that she was deprived of her Sixth Amendment right by not consulting further with counsel as to the immigration consequences of pleading guilty (see generally People v Peque, 22 NY3d at 190; People v Baez-Arias, 203 AD3d 1409, 1409-1410 [3d Dept 2022], lv denied 38 NY3d 1132 [2022]; People v Lawrence, 148 AD3d 1472, 1473 [3d Dept 2017]).
Finally, we reject defendant's contention that Supreme Court erred in failing to conduct an Outley hearing (People v Outley, 80 NY2d 702, 713 [1993]) prior to sentencing. At the outset of the sentencing hearing, Supreme Court noted certain of defendant's statements in the presentence investigation report suggesting that she had attacked the victim in self-defense. The court then confirmed with defendant, as it had done during the plea proceeding, that she was still waiving any potential defenses and desired to proceed with sentencing. Nothing in the record indicates that the court believed that defendant's statements constituted a violation of any condition of her plea and, as there was no sentencing commitment, no enhanced sentence was imposed (see People v Kiefer, 195 AD3d 1315, 1316-1317 [3d Dept 2021]). Accordingly, an inquiry pursuant to Outley to address the potential violation of plea conditions prior to imposing an enhanced sentence would not have been appropriate (see People v Outley, 80 NY2d at 713; People v Larock, 211 AD3d 1234, 1235-1236 [3d Dept 2022]). Defendant's related ineffective assistance of counsel claim — based solely upon her counsel's failure to request an Outley hearing — is precluded by her valid waiver of appeal "in the absence of any allegation that the claimed ineffectiveness induced an otherwise knowing and voluntary guilty plea" (People v Kidd, 210 AD3d 1148, 1150 [3d Dept 2022] [internal quotation marks and citations omitted], lv denied 39 NY3d 1073 [2023]; see People v Major, 176 AD3d 1257, 1258 [3d Dept 2019], lv denied [*3]34 NY3d 1017 [2019]; People v Gentry, 73 AD3d 1383, 1384 [3d Dept 2010]).
Garry, P.J., Lynch, Reynolds Fitzgerald and Fisher, JJ., concur.
ORDERED that the judgment is affirmed.