People v Philippe (2024 NY Slip Op 03105)

People v Philippe

2024 NY Slip Op 03105

Decided on June 6, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 6, 2024

113642
[*1]The People of the State of New York, Respondent,
v
Emmanuel Philippe, Appellant.

Calendar Date:April 30, 2024

Before:Clark, J.P., Aarons, Pritzker, Lynch and Ceresia, JJ.

Danielle Neroni Reilly, Albany, for appellant.
Robert S. Rosborough IV, Special Prosecutor, Albany, for respondent.

Pritzker, J.
Appeal, by permission, from an order of the County Court of Saratoga County (Chad W. Brown, J.), entered August 16, 2022, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crime of attempted grand larceny in the third degree, without a hearing.
In 2016, defendant, a native citizen of Haiti and resident of the United States, pleaded guilty to a reduced charge of attempted grand larceny in the third degree in full satisfaction of a five-count indictment. Defendant was subsequently sentenced to time served along with the agreed-upon sentence of five years of probation. In June 2017, defendant was sentenced to a period of incarceration of 1 to 3 years due to having violated the terms of his probation. In December 2018, defendant was convicted of several federal crimes — which included possession of a firearm by a prohibited person, possession with intent to distribute cocaine base and possession of a firearm in furtherance of a drug trafficking crime. The following month, in January 2019, an immigration detainer was placed on defendant. In May 2022, while in federal custody, defendant moved pursuant to CPL article 440 to vacate the judgment of conviction. The motion was premised upon the claim that his plea was not knowing, voluntary or intelligent and that he had been denied the effective assistance of counsel in that counsel never properly advised him of the immigration consequences of his guilty plea. County Court denied the motion without a hearing, and defendant now appeals by permission of this Court.
Defendant contends that counsel's failure to apprise him, prior to his plea, that his guilty plea could result in deportation constituted the ineffective assistance of counsel, thereby warranting vacatur of his plea or, at a minimum, a hearing on his motion.[FN1] "To prevail on a claim of ineffective assistance under the Federal Constitution, a defendant 'must show that counsel's representation fell below an objective standard of reasonableness' and 'that the deficient performance prejudiced the defense' " (People v Abdallah, 153 AD3d 1424, 1425 [2d Dept 2017], quoting Strickland v Washington, 466 US 668, 687-688 [1984]). "In the context of a plea, the defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, he or she would not have pleaded guilty and would have insisted on going to trial, or that the outcome of the proceedings would have been different" (People v Marcellus, 223 AD3d 1051, 1053 [3d Dept 2024] [internal quotation marks and citations omitted]; see People v Baez-Arias, 203 AD3d 1409, 1410 [3d Dept 2022], lv denied 38 NY3d 1132 [2022]). "The standard under the NY Constitution, which requires a defendant to show that he or she was not afforded meaningful representation, also entails a two-pronged test; the first prong is identical to its federal counterpart but, under the second prong, the prejudice component focuses on the fairness of the process as [*2]a whole rather than its particular impact on the outcome of the case" (People v Marcellus, 223 AD3d at 1053-1054 [internal quotation marks and citations omitted]). "[A] defense attorney deprives a noncitizen defendant of his or her Sixth Amendment right to the effective assistance of counsel by failing to advise, or by misadvising, the defendant about the immigration consequences of a guilty plea" (People v Peque, 22 NY3d 168, 190 [2013], cert denied 574 US 840 [2014]; see Padilla v Kentucky, 559 US 356, 366-374 [2010]). As relevant here, on a motion to vacate a judgment of conviction under CPL 440.10, "to demonstrate the existence of questions of fact requiring a hearing, a defendant is obliged to show that the nonrecord facts sought to be established are material and would entitle him or her to relief" (People v Beverly, 196 AD3d 864, 865 [3d Dept 2021] [internal quotation marks, brackets and citations omitted], lv denied 37 NY3d 1058 [2021]; see People v Baez-Arias, 203 AD3d at 1410).
In support of his motion, defendant proffered a sworn affidavit wherein he averred that counsel did not inquire as to whether defendant was a citizen, never discussed with defendant his immigration status nor did he advise defendant that he could be deported as a result of his guilty plea.[FN2] Defendant also asserted that, during the plea proceeding, County Court never inquired about whether he was a United States citizen, his immigration status or advised that a conviction could result in deportation. This assertion is supported by the record, which reveals no mention of citizenship or deportation at any point during defendant's plea or sentencing (compare People v De La Rosa, 211 AD3d 588, 589 [1st Dept 2022]; People v Lawrence, 148 AD3d 1472, 1473 [3d Dept 2017]; People v Castro, 133 AD3d 986, 987 [3d Dept 2015]). Defendant also averred that he moved to the United States approximately 20 years ago, when he was six years old, and that his entire family resides in this country (see generally People v Ghingoree, 166 AD3d 799, 800-801 [2d Dept 2018]). Furthermore, defendant asserted that he would not have pleaded guilty and would have insisted on going to trial if he had been informed that this conviction could result in deportation (see People v Oouch, 97 AD3d 904, 905 [3d Dept 2012]; compare People v Yates, 173 AD3d 1849, 1850 [4th Dept 2019]). Thus, defendant sufficiently alleged that counsel failed to provide him with any information regarding deportation consequences of his plea [FN3] and that defendant was prejudiced because he would not have pleaded guilty had he been advised of these consequences, such that a hearing is warranted (see People v Reynoso, 88 AD3d 1162, 1164 [3d Dept 2011]; People v Marshall, 66 AD3d 1115, 1116 [3d Dept 2009]; see also People v Peque, 22 NY3d at 200-201; compare People v Lawrence, 148 AD3d at 1474). Indeed, given defendant's affidavit as well as the record of the plea proceeding, there is a genuine concern that, as defendant asserts, [*3]he was never advised of the deportation consequences of his plea.[FN4] Accordingly, this matter must be remitted to County Court for a hearing on defendant's CPL 440.10 motion.
Clark, J.P., Aarons, Lynch and Ceresia, JJ., concur.
ORDERED that the order is reversed, on the law, and matter remitted to the County Court of Saratoga County for a hearing on defendant's CPL 440.10 motion.

Footnotes

Footnote 1: "Given that defendant's ineffective assistance of counsel claim impacts the voluntariness of his plea, it is not precluded by his unchallenged waiver of the right to appeal and was preserved by an appropriate postallocution motion" (People v Marte-Feliz, 192 AD3d 1397, 1398 [3d Dept 2021] [citations omitted]; see People v Peque, 22 NY3d 168, 182 [2013], cert denied 574 US 840 [2014]).

Footnote 2: As the People point out, in the attorney's affidavit in support of the CPL 440.10 motion, the attorney states both that defendant received no advice and that defendant received incorrect advice. Because that incorrect advice could also entitle defendant to relief (see People v Marcellus, 223 AD3d at 1055), we do not find this to be a bar to a hearing. Also, this issue can be explored by the People at the hearing.
Footnote 3: We reject the People's contention that County Court properly denied the motion without a hearing because an affidavit was not submitted from plea counsel nor was there any explanation from the motion attorney as to attempts to obtain such an affidavit. However, we do not find that such a failing of the motion attorney should be held against defendant, especially where, as here, the record of the plea proceeding supports defendant's assertion that he was never advised of the deportation consequences of his plea. Moreover, we note that plea counsel was disbarred for failing to cooperate with the Attorney Grievance Committee's investigation during his suspension soon after representing defendant in this matter.
Footnote 4: The People, in both their opposition to the motion and their brief, point to the length of time that passed between defendant's conviction and the CPL 440.10 motion being filed. Given that this motion was not filed until after the immigration detainer was placed on defendant following his federal convictions, we find that this only lends support to defendant's argument that he was not advised of the deportation consequences prior to entering his plea on the instant conviction.