People v Pepe (2024 NY Slip Op 03909)

People v Pepe

2024 NY Slip Op 03909

Decided on July 25, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 25, 2024

113680
[*1]The People of the State of New York, Respondent,
v
Paul Pepe, Appellant.

Calendar Date:June 14, 2024

Before:Garry, P.J., Clark, Pritzker, Fisher and Powers, JJ.

Marshall Nadan, Kingston, for appellant.
Brian P. Conaty, District Attorney, Monticello (Thomas W. Raleigh of counsel), for respondent.

Appeal from a judgment of the County Court of Sullivan County (James R. Farrell, J.), rendered May 5, 2022, convicting defendant upon his plea of guilty of the crime of criminal sexual act in the first degree.
Defendant was charged by indictment with predatory sexual assault against a child, a class A-II felony, stemming from his conduct in subjecting a child under the age of 13 to sexual contact on multiple occasions over a two-year period. In satisfaction of the indictment, defendant pleaded guilty to the reduced charge of criminal sexual act in the first degree. Pursuant to the plea agreement, defendant executed a waiver of appeal and was sentenced to the agreed-upon prison term of 10 years to be followed by 18 years of postrelease supervision. Defendant appeals.
We affirm. Defendant's sole contention on appeal is that his sentence is harsh and excessive, a claim which he argues may be raised in that the waiver of appeal is invalid. Contrary to his contention, the record reflects that a waiver of appeal was an express condition of the plea agreement, defendant was advised of its separate and distinct nature, the consequences of the waiver and that certain enumerated rights survive the waiver, and he assured County Court that he had discussed it with counsel. Defendant then signed a detailed written waiver of appeal that similarly advised him of his rights, and made clear that it was not an absolute bar to taking an appeal, but which expressly included a waiver of any challenge to the severity of the agreed-upon sentence. Both defendant and defense counsel confirmed that they had reviewed the waiver and its consequences, and defendant indicated that he understood it. Under these circumstances, we find that defendant's combined oral and written appeal waiver is valid and precludes his challenge to the severity of the agreed-upon sentence (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Gayle, 221 AD3d 1061, 1062 [3d Dept 2023], lv denied 41 NY3d 1002 [2024]).
Garry, P.J., Clark, Pritzker, Fisher and Powers, JJ., concur.
ORDERED that the judgment is affirmed.