People v Patterson (2024 NY Slip Op 06250)

People v Patterson

2024 NY Slip Op 06250

Decided on December 12, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 12, 2024

CR-23-2070
[*1]The People of the State of New York, Respondent,
v
Joseph Patterson, Appellant.

Calendar Date:November 8, 2024

Before:Garry, P.J., Egan Jr., Pritzker, Powers and Mackey, JJ.

Craig Meyerson, Peru, for appellant.
Elizabeth M. Crawford, District Attorney, Malone (Alyxandra Stanczak of counsel), for respondent.

Appeal from a judgment of the County Court of Franklin County (Gregory P. Storie, J.), rendered September 6, 2023, convicting defendant upon his plea of guilty of the crime of attempted burglary in the second degree.
Defendant was charged in two separate indictments with burglary in the second degree and, in full satisfaction of those instruments and other charged crimes, was offered the opportunity to plead guilty to one count of attempted burglary in the second degree. In conjunction with this guilty plea, it was agreed upon that defendant would be sentenced to a prison term of five years, to be followed by 2½ years of postrelease supervision, which was to be served concurrently with a sentence to be imposed in another county. The plea agreement also required defendant to waive his right to appeal. Defendant pleaded guilty in conformity with the plea agreement, and County Court imposed the agreed-upon sentence. Defendant appeals.
Defendant's initial assertion — that requiring a waiver of the right to appeal as a term and condition of his plea agreement is impermissible — is lacking in merit (see People v Thomas, 34 NY3d 545, 557-558 [2019], cert denied ___ US ___, 140 S Ct 2634 [2020]; People v Seaberg, 74 NY2d 1, 7-9 [1989]), as is his claim that the waiver is unenforceable because he acknowledged his guilt prior to waiving his appellate rights (see People v Muller, 217 AD3d 1269, 1270 [3d Dept 2023], lv denied 40 NY3d 1093 [2024]). As to the waiver itself, County Court explained that the appeal waiver was separate and distinct from the trial-related rights that defendant would be forfeiting by pleading guilty and expressly delineated the appellate rights that would survive the waiver (see People v Ferretti, 209 AD3d 1173, 1173 [3d Dept 2022]). Defendant then executed a detailed written waiver in open court and advised County Court that he had reviewed the waiver with counsel, understood its contents and had no questions relative thereto (see People v Muller, 217 AD3d at 1270; People v Ferretti, 209 AD3d at 1174). To the extent that the waiver contained overbroad language, "both the oral colloquy and the written waiver itself made clear that some appellate review survived" (People v Ferretti, 209 AD3d at 1174), and we are therefore satisfied that defendant knowingly, intelligently and voluntarily waived his right to appeal (see People v Drake, 217 AD3d 1273, 1273 [3d Dept 2023]).
Despite defendant's challenge to the validity of his appeal waiver, his sole remaining contention challenging the voluntariness of his plea — premised upon the timeliness and sufficiency of County Court's recitation of defendant's Boykin rights — survives his valid appeal waiver (see People v Gayle, 221 AD3d 1061, 1062 [3d Dept 2023], lv denied 41 NY3d 1002 [2024]). Nevertheless, this contention is unpreserved in the absence of an appropriate postallocution motion (see People v Bailey, 224 AD3d 1044, 1045 [3d Dept 2024]; People v Gayle, 221 AD3d at 1062), and the narrow [*2]exception to the preservation requirement does not apply (see People v Loya, 215 AD3d 1181, 1183 [3d Dept 2023], lv denied 40 NY3d 929 [2023]). Accordingly, the judgment of conviction is affirmed.
Garry, P.J., Egan Jr., Pritzker, Powers and Mackey, JJ., concur.
ORDERED that the judgment is affirmed.